**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| NATIONWIDE PROPERTY & CASUALTY INS. CO., as subrogee of JOSEPH and BRITAIN PAQUETTE,<br>    Plaintiffs, | )<br>)<br>)<br>) |
| v. | )  CIVIL ACTION 5:16-cv-69 |
| A+ CHIMNEY SERVICE,<br>    Defendants. | )<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT A+ CHIMNEY SERVICE'S MOTION**
**TO STRIKE ITS MOTION TO PRECLUDE DEFENDANT'S EXPERTS**

Defendant A+ moves to strike plaintiff's entire Motion to preclude A+'s three experts because it exceeds the 15-page limit for non-dispositive motions set forth in Local Rule 7(a)(4)(B) and because plaintiff did not seek prior leave to exceed the limit. Alternatively, A+ seeks leave to exceed the 15-page limit for its response.

The Local Rule pertains to "non-dispositive motions". The preceding subsection, 7(a)(4)(A), sets a 25-page limit for "dispositive motions". These terms are not defined. Plaintiff, in good faith, considered its motion to be more akin to a summary judgment motion than a discovery motion. Through PACER, plaintiff has found Vermont cases with Daubert motions over 15 pages long, apparently without leave:

| | | |
|---|---|---|
| Cote v. Bosch | No. 1:14-cv-202 | 32 pages |
| Schroeder v. Makita | No. 2:02-cv-299 | 25 pages |
| Rotman v. Progressive | No. 5:12-cv-67 | 20 pages |
| Mobile Medical v. Advanced Systems | No. 2:07-cv-231 | 20 pages |
| Allen v. Dairy Farmers | No. 5:09-cv-230 | 20 pages |

Plaintiff was unable find any case in which the opposing party moved to strike the motion for exceeding the non-dispositive motion page limit. If plaintiff's interpretation of the Local Rules is ultimately deemed incorrect, plaintiff offers its apologies to the Court.

The subject Motion is three Daubert motions in one. This combination was done for brevity, to avoid repetition of common facts and law. The portion of the Motion pertaining to A+'s liability expert, Timothy Morse, Ph.D., is by far the lengthiest. However, its length is justified by the breadth of his opinions, the length of his report (86 pages with exhibits) and deposition (199 pages), and the extent to which plaintiff believes his testimony is inadmissible. Plaintiff took pains to condense its motion to the extent possible without diluting it of the necessary substance to make its arguments.

While it would be theoretically possible to split the Motion into two or three motions, the Morse motion would still exceed the limit for non-dispositive motions, forcing plaintiff to seek the same relief later. Plaintiff respectfully asks this Court to deny A+'s Motion, and to allow the motion and response to exceed 15 pages.

Respectfully submitted,

LAW OFFICES OF STEVEN L. SMITH, P.C.

BY: /s/ Steven L. Smith
Steven L. Smith, Esquire
Attorney for Plaintiff
404 Harvard Avenue
Swarthmore, PA  19081
(610) 543-2700
ssmith@subrosmith.com

Date: March 14, 2017

2