UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| NATIONWIDE PROPERTY & CASUALTY )<br>INS. CO., as subrogee of JOSEPH AND )<br>BRITAIN PAQUETTE )<br>)<br>         Plaintiffs, )<br>)<br>v. )<br>)<br>A+ CHIMNEY SERVICE, LLC, )<br>)<br>         Defendant. ) | Case No. 5:16-cv-00069-gwc |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF ROBERT GOMEZ AND EVIDENCE AND ARGUMENT REGARDING ACTUAL CASH VALUE OF REAL AND PERSONAL PROPERTY**

Defendant A+ Chimney Service, LLC ("A+ Chimney"), by and through its attorneys Downs Rachlin Martin PLLC, submits this Reply in support of A+ Chimney's Motion to Exclude Testimony of Plaintiff's Expert Robert Gomez and Evidence and Argument Regarding Actual Cash Value of Real and Personal Property. In support of its Motion A+ Chimney submits the following Reply.

A.    The Actual Cash Value of the Real Property is Irrelevant.

As Plaintiff Nationwide Property & Casualty Insurance Company ("Plaintiff" or "Nationwide Insurance") points out in its motion, when property is damaged and can be repaired, repair cost can be used as a measure of damages. However, when the repair or replacement cost disproportionately exceeds the pre-injury fair market value of the property then the diminution in value measure should be used. This concept is well-established. The Vermont Supreme Court held, in the context of tort damage to real property, that "[O]ur touchstone for determining damages, in tort as in contract, is reasonableness." *Langlois v. Town of Proctor*, 2014 VT 130, ¶

43. Part of this reasonableness inquiry is the "proportionality of cost-or repair damages relative to the value of the property prior to a tort injury." *Id*. When a car is damaged in a collision and the cost to restore the car to its pre-loss condition well-exceeds the fair market value of the car prior to the loss the car is considered a total loss. In this case, the pre-fire assessed fair market value of all of the real property in this case, i.e. the home, the land, and the improvements, is significantly less than the cost to repair the structure itself.[1] Thus, the home was a total loss and the only appropriate and just measure of damages is the diminution in value.

Plaintiff cites to the real property damages standard in *Bean* in support of its claim for damages.

> If the injury is temporary in the sense that restoration can cure the harm, the reasonable cost of repair may serve the need and provide adequate and fair compensation. If the damage is permanent and beyond full repair, the variance in value of the property before and after the injury often affords the better guide to a just award. It all depends upon the character of the property and the nature and extent of the injury.

*Langlois v. Town of Proctor*, 2014 VT 130, ¶ 41 (citing *Bean v. Sears, Roebuck & Co.*, 129 Vt. 278, 282, 276 A.2d 613, 616 (1971). Plaintiff misuses this established damages standard. Plaintiff states that the cost to repair the house to its pre-fire condition is $301,917.91 and the actual cash value of the structure is $283,825.53, but does not seek damages in these amounts. Plaintiff instead attempts to argue that A+ Chimney should be liable for the homeowners policy limit amount, $273,946.00. Plaintiff has the burden of proving by a preponderance of the evidence that the damages are the "direct, necessary and probable result of defendant's negligent act." *Id*. at ¶ 45. For Plaintiff to argue that its contractual obligations to the homeowners to pay full replacement cost of the real property is a direct, necessary or probable result of A+

---

[1] Defendant's expert appraised the pre-fire value of the entire property at $210,000. The town tax assessed the home at $232,200 in 2013. Other professional appraisals value the entire property at between $225,000-$231,000 in 2011. Each of these various appraisals are less than Mr. Gomez's cost to repair and replace just the home.

Chimney's alleged negligence is unfounded.[2]  Defendant A+ Chimney was not a party to the insurance contract, and received no premiums in exchange for accepting the obligation to pay replacement cost.  While Plaintiff Nationwide Insurance was willing to enter into this contractual relationship, and receive the benefits from its many policy holders in the form of premiums in exchange for accepting this risk, that doesn't allow it to alter the common law governing liability and damages.

      B.    <u>Mr. Gomez's Method for Calculated Actual Cash Value of the Personal Property is Unreliable and Irrelevant.</u>

In *Concord General Mutual Ins. Co. et al. v. Gritman et al.*, 2016 VT 45, a group of teenagers trespassed and started a fire on the deck of a home resulting in a house fire that destroyed the home and the personal property inside.  The homeowners had homeowner's insurance, and at trial they relied on their insurance adjuster to establish the value of the personal property.  *Id*. at ¶ 23.  The insurance adjuster relied "in part on estimates and supporting documentation provided by the [homeowners], and in part on insurance adjusting software.  He then determined the 'actual cash value' by applying a depreciation factor to each item to account for the age of each lost item relative to its expected life." *Id*.  The method used in *Concord General Mutual* was not applied reliably in this case.  Mr. Gomez testifies that he did not obtain any supporting documentation from the homeowners and he did not use the formula as intended for depreciating each item and calculating actual cash value properly.  Mr. Gomez instead consciously decided to deviate from the industry accepted calculation method and assigned "light" usage to each and every item of personal property.  This case is substantively distinguishable from *Concord General Mutual* because A+ Chimney argues that not only is the

---

[2] Plaintiff's argument that A+ Chimney "stands to receive a windfall" between the repair cost and the policy limits is ludicrous.  The homeowners paid Plaintiff a premium for replacement cost of their property and Plaintiff was contractually obligated to pay them the replacement cost of their real and personal property up to the policy limits.  That obligation is not imputed to A+ Chimney in this negligence action.

Downs Rachlin Martin PLLC

3

methodology relied upon by the homeowners' insurance adjuster not reflective of the fair market value of the items but it is also unreliable. *Cf. Id.* at ¶ 24 (defendant did not argue that the method was unreliable and only sought to overturn the jury verdict based on the damages not being reflective of the fair market value). Thus, the actual cash value of the personal property does not met the requirements of Rule 702 nor does it met the requirements of Rule 402 and 403. Fed. R. Evi. 702, 402, 403.

As the Court in *Concord General Mutual* pointed out, the jury was properly instructed that "with respect to the value of the lost personal property… the amount to be awarded 'is the amount of loss of fair market value; that is, the property's fair market value before the injury less the fair market value after the injury, if any.'" *Id.* at ¶ 23. Mr. Gomez's actual cash value assessment of the personal property was improperly calculated and thus does not reliably relate to the diminution in fair market value. Finally, Mr. Gomez's calculations do not comport with the Rule 702 requirements or the principles outlined in *Daubert*. *See* Fed R. Evi. 702; *see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## CONCLUSION

For the foregoing reasons, A+ Chimney Service, LLC respectfully requests that this Court exclude Robert Gomez's testimony, and evidence and argument regarding the actual cash value of the homeowner's real and personal property.

Dated at Burlington, Vermont on this 21st day of March, 2017.

                DOWNS RACHLIN MARTIN PLLC

By  */s/ Samantha Lednicky*
Marc Heath
Samantha V. Lednicky
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
Telephone: 802-863-2375
Fax: 802-862-7512

ATTORNEYS FOR DEFENDANT A+ CHIMNEY SERVICE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2017, I electronically filed with the Clerk of the Court Defendant's Reply in Support of Defendant's Motion to Exclude Plaintiff's Expert Robert Gomez using CM/ECF system. The CM/ECF system will provide service of such filings via Notice of Electronic Filing to the parties of record.

                DOWNS RACHLIN MARTIN PLLC

By  */s/ Samantha Lednicky*
Samantha V. Lednicky
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
Telephone: 802-863-2375
Fax: 802-862-7512

ATTORNEYS FOR DEFENDANT A+ CHIMNEY SERVICE, LLC

17344182.1